THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   :<br>       :<br>  **Plaintiff,**   :<br>       :<br>v.     :<br>       :<br>**$5,581.00 IN UNITED STATES FUNDS,**   :<br>       :<br>  **Defendant Property,**   :<br>       :<br>**CHRISTOPHER HUNT, Individually**   :<br>**and d/b/a Hunt Bros. Auto Sales, Inc.**   :<br>**and Hunt Bros. Window Tinting, Inc.,**   :<br>       :<br>  **Claimant.**   :<br>_____ : | Civil Action<br>No. 5:08-cv-31 (CAR) |

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

Plaintiff has moved the Court to issue an order striking Claimant's pleadings in this case due to Claimant's failure to make himself available for deposition. Plaintiff shows that Claimant filed his Claim on April 15, 2008, and an Answer on May 5, 2008. On December 8, 2008, Plaintiff served Claimant's counsel with a notice of deposition and subpoena for December 18, 2008. Plaintiff's counsel and Claimant's counsel attempted to reschedule the deposition several times. It was finally rescheduled for February 25, 2009. On February 24, Claimant's counsel notified Plaintiff via email that he had been unable to locate his client. Claimant did not appear for his deposition on February 25.

Although it appears that the Claimant has failed to cooperate in the discovery process, the present circumstances do not warrant the severe sanction of striking his pleadings. Rule 37(d) of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions against a party for

failing to appear at his own deposition.  The Rule authorizes sanctions that include "striking pleadings in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(iii).  The Eleventh Circuit has held, however, that the sanction of striking pleadings is appropriate only "where the party's conduct amounts to flagrant disregard and willful disobedience *of discovery orders*."  United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (emphasis in original) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)).  There has been no motion to compel in this case and the Court has issued no orders with regard to discovery.  As such, an order striking Claimant's pleadings would be premature.  Accordingly, Plaintiff's Motion to Strike (Doc. 12) is hereby **DENIED**.

Plaintiff having shown that Claimant has to date failed to cooperate in discovery, it is **HEREBY ORDERED** that Claimant shall **SHOW CAUSE**, in writing within ten (10) days of the date of this Order, for his failure to appear for deposition.  It is **FURTHER ORDERED** that Claimant shall make himself available for deposition at a time and location suitable to Plaintiff within thirty (30) days of the date of this Order.  Should he fail to do so, the Court may order his pleadings stricken and enter a default judgment in favor of Plaintiff.

It is SO ORDERED this 15th day of April, 2009.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

chw